OLLIE ALLEN v. INVESTORS HERITAGE LIFE INSURANCE COMPANY

No. 319A82

(Filed 5 October 1982)

APPEAL as of right pursuant to G.S. § 7A-30(2) by plaintiff from a decision of a divided panel of the Court of Appeals affirming the judgment of *Ellis, D. J.* granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment entered on 9 June 1981 in District Court, WAYNE County. The opinion of the Court of Appeals, reported at 57 N.C. App.133, 290 S.E. 2d 728 (1982), is by *Arnold, J.* with *Webb, J.* concurring and *Clark, J.* dissenting.

This is a civil action by plaintiff to recover the proceeds of an insurance policy issued by the defendant on the life of John Jackson, the plaintiff's uncle. Until 1951 Mr. Jackson, who was mentally retarded though apparently never judicially determined to be incompetent, lived with plaintiff's grandmother. The plaintiff always had a close relationship with his uncle and helped care for him. After the grandmother died in 1951, plaintiff's mother, who was Mr. Jackson's closest living relative, took him in to live in plaintiff's home. There plaintiff continued to care for his uncle and considered him to be "like an older brother." After plaintiff's mother died, Mr. Jackson's condition was such that he had to be placed in a rest home. Plaintiff felt personally responsible for Mr.

Jackson. He spent his personal funds to get him into a rest home and obtained public assistance for him.

Feeling a personal responsibility for his uncle and believing himself to have a moral responsibility to bury him in the event of his death, plaintiff spoke to an agent of the defendant company about a policy of life insurance on the uncle's life in an amount sufficient to bury him (apparently about $1,800).

The agent came to plaintiff's house while plaintiff and his wife were still married and living together. Plaintiff informed the agent fully of the situation and the purpose of the policy. The agent asked the wife to sign Mr. Jackson's name on the policy application. Defendant company issued the policy on 1 November 1975 with John Jackson as owner and plaintiff as beneficiary.

Mr. Jackson had never married, was disabled, had never been employed and had no living relative except the plaintiff. After plaintiff and his wife separated, plaintiff demanded that his wife surrender the policy to him but she refused.

In 1976 plaintiff's wife, after they had separated but while still legally married, without plaintiff's knowledge executed a form purportedly requesting a change of beneficiary from the then beneficiary, plaintiff, to herself as the new beneficiary. In actuality, the signature purporting to request a change in beneficiary appears on the form in the space designated for a request of name change, designed to accommodate the beneficiary's change of name as a result of marriage, divorce, court order, or merely to correct an error. Plaintiff's estranged wife signed Mr. Jackson's name as the insured on the request form and submitted it without the consent or knowledge of either Mr. Jackson or the plaintiff.

Mr. Jackson died on 23 August 1978 and defendant company paid the policy proceeds to plaintiff's estranged wife. Plaintiff paid the funeral and burial expenses from his personal funds. Learning that defendant had paid the policy proceeds in the amount of $1,897.96 to his estranged wife, plaintiff brought suit against the defendant insurance company which filed answer and joined plaintiff's estranged wife, Estelle Allen, as a third party defendant. Both plaintiff and defendant moved for summary judgment and filed affidavits in support thereof. The third party

defendant filed no response nor any affidavits. At a hearing on 8 June 1981 the trial judge granted defendant's motion and denied plaintiff's. Plaintiff appealed and the Court of Appeals, with Clark, J. dissenting, affirmed.

*Duke and Brown, by John E. Duke, Attorney for plaintiff-appellant.*

*John W. Dees, Attorney for defendant-appellee.*

PER CURIAM.

For the reasons stated by Clark, J. in his dissent we find that summary judgment for the defendant was erroneously allowed and that summary judgment for the plaintiff was properly denied.

The decision of the Court of Appeals and the judgment of the trial court entered 9 June 1981 are vacated without prejudice to either party to again move for summary judgment if the facts are further developed. The cause is remanded to the Court of Appeals for further remand to the District Court, Wayne County for further proceedings not inconsistent with this opinion.

Vacated and remanded.